WILLIAM B. MARTIN et al., Plaintiffs, *v.* CITY OF KINGSTON et al., Defendants.

Supreme Court, Special Term, Ulster County, January 17, 1946.

**126**

*Vincent G. Connelly* for plaintiffs.

*Arthur B. Ewig, Corporation Counsel,* for defendants.

ELSWORTH, J. This is a taxpayers' action. The plaintiffs seek thereby to permanently enjoin and restrain the defendants from taking any action towards levying and collecting taxes under the 1946 budget or tax levy of the City of Kingston, adopted by its Common Council on January 8, 1946, and approved by its Mayor on January 9, 1946. The action is based upon the ground that the said budget is unconstitutional and illegal because it contravenes the provisions of section 10 of article VIII of the Constitution of the State of New York.

All the parties, being desirous of an immediate disposition of the action, have brought the same on before me for trial and decision under written stipulation providing for final judgment in accordance with such decision. Counsel for the defendants has admitted upon the record the following allegations of the plaintiffs' complaint: " First " to " Twelfth ", inclusive, " Fifteenth " and " Eighteenth ". He has further admitted, but only as to the accuracy of computations set forth therein, the allegations of paragraphs " Thirteenth ", " Fourteenth " and " Sixteenth " of the complaint. By reason of such admissions, the plaintiffs and defendants are in accord as to all facts necessary for and upon which my decision herein shall be based.

Section 10 of article VIII of the Constitution of the State of New York, as amended by the Constitutional Convention of 1938, provides, so far as pertinent here, as follows: " Hereafter, in any county containing a city of over one hundred thousand inhabitants, or in any such city, and, on or after January first, nineteen hundred forty-four, in any other city or any village, the amount to be raised by tax on real estate in any fiscal year for county purposes, for city purposes or for village purposes, in addition to providing for the interest on and the principal of all indebtedness, shall not in the aggre-

gate exceed an amount equal to two per centum of the average assessed valuation of the real estate of such county, city or village subject to taxation, less the taxes levied in such year for the payment of the interest on and redemption of certificates or other evidence of indebtedness described in paragraphs A and D of section 5 of this article, or renewals thereof, and certificates or other evidence of indebtedness (except serial bonds of an issue having a maximum maturity of more than two years) issued for purposes other than the financing of capital improvements and contracted to be redeemed in one of the two fiscal years immediately succeeding the year of their issue. Such average assessed valuation shall be determined in the manner prescribed in section 4 of this article with respect to the limitations on indebtedness.''

Section 4 of article VIII of the Constitution, referred to in the last sentence of section 10 as above quoted, provides that the average assessed valuation shall be `` determined by the last completed assessment rolls and the four preceding rolls of such * * * city * * *.'' It appears that the average assessed valuation of real estate in the city of Kingston computed for the past five years in accordance with the provisions of said section 4 is the amount of $23,396,945.80. Two per cent of such average assessed valuation is the sum of $467,938.92.

The amounts appropriated for city purposes in the 1946 budget are as follows:

| | |
|---|---:|
| General Government Expenses | $649,132.91 |
| Miscl. Government Expenses | 12,836.23 |
| Welfare and Relief | 252,214.00 |
| Pension Fund Contribution | 44,200.00 |
| Estimated Deficit — year 1946 | 14,914.46 |
| | 973,297.60 |
| Estimated Revenues (Deductible) | 351,168.16 |
| Balance to be raised for city purposes | 622,129.44 |
| Amount permitted to be raised under 2% limitation | 467,938.92 |
| Excess | 154,190.52 |

Before making a final determination of the amount of the excess disclosed by the said 1946 budget, it is necessary to give consideration to two specific items contained therein. One of

these items the plaintiffs claim should be included within the limitation and the other the defendants claim should be excluded from the limitation.

The plaintiffs contend that the 1946 budget improperly includes as part of the city's debt service the items below listed and that the same come within the 2% constitutional limitation:

| | |
|---|---:|
| Snow Removal Note | $16,901.15 |
| Interest on Note | 84.50 |
| Estimated interest on notes to be issued in 1946 | 460.00 |
| | 17,445.65 |

It is my opinion that the items above fall within the following language of section 10 of article VIII: " less the taxes levied * * * for the payment of the interest on and redemption of * * * certificates or other evidence of indebtedness * * * issued for purposes other than the financing of capital improvements and contracted to be redeemed in one of the two fiscal years immediately succeeding the year of their issue." Accordingly, the total of the above items, namely $17,445.65, should be added to the foregoing excess item of $154,190.52, thus making a total excess of $171,636.17.

The defendants contend that the " Pension Fund Contribution " item in the amount of $44,200 set forth in the amounts appropriated for city purposes above, should be excluded from the 2% limitation of section 10 of article VIII. It appears that the above amount is made up of the following two items: (1) current payment to the State Retirement System $15,416.79; (2) annual arrearage payment for which city obligated itself upon entering State Retirement System $28,783.21. It is my opinion that the current payment item to the State Retirement System of $15,416.79 clearly comes within the constitutional limitation provision. The annual arrearage payment of $28,783.21, considering the nature thereof, should, I believe, be excluded from the limitation by constitutional provision but examination on my part fails to reveal any constitutional authority for such exclusion. If such authority did exist, it appears that the same must be found in paragraph D of section 5 of article VIII. The language thereof, however, precludes any exclusion from the limitation provision except where the indebtedness takes the form of serial bonds. The situation

created by the Constitution is somewhat anomalous and seems inequitable. To illustrate — it appears that if the City of Kingston in order to meet its arrearage obligation upon joining the State Retirement System had issued serial bonds and from the proceeds thereof paid the State its arrearage obligation in full, then the amount raised in the budget each year for the retirement of such bonds and the interest thereon could properly have been excluded from the debt limitation provision. I hold that said item of $28,783.21 is not excluded.

It is my conclusion that the 1946 budget of the City of Kingston exceeds the New York State constitutional debt limitation (art. VIII, § 10) in the amount of $171,636.71. I am mindful of the great seriousness of that determination to the city of Kingston and the effect it may have, at least temporarily, upon the orderly conduct of the city's business. However, the conceded and undisputed facts before me permit the reaching of no other conclusion.

My understanding is that the attorneys for the respective parties have agreed that the pending motion for a temporary injunction herein is to be considered withdrawn. If not, and the motion is before me, it is held that decision upon such motion would be academic in view of the determination herein made.

Submit findings and judgment.